JOHN C. WALDO, Appellant, *v.* JOSEPH GRAY, Appellee.

APPEAL FROM MORGAN.

Property which is indivisible and of greater value than sixty dollars, cannot be claimed by a judgment debtor, as being exempt from execution under our statute.

The owner cannot retain such property by paying the officer the excess of value in money.

A public sale may furnish satisfactory, though not always conclusive proof, of the value of a thing sold.

GRAY sued Waldo in trespass, alleging that Waldo, as a constable, levied an execution upon a mare owned by Gray, which Gray being the head of a family, and residing within said county, claimed to be exempt from execution. Waldo filed his plea of not guilty, with a notice of the special matters he should offer in his defence. At November term, 1851, of the Morgan Circuit Court, WOODSON, Judge, presiding, the cause was submitted to a jury, and the trial resulted in a verdict and judgment in favor of Gray, for the sum of $170 and costs. Waldo prayed an appeal.

M. HAY and R. S. BLACKWELL, for appellant.

M. MCCONNEL, for appellee.

TREAT, C. J. It was decided by this court in the case of Cook *v.* Scott, 1 Gilman, 333, that where a constable levies an execution on property which is indivisible and of greater value than $60, the judgment debtor cannot claim it as exempt from execution under the statute. He cannot even retain it by paying the officer the excess in money, for such property is regarded as unsuitable to his condition in life. In this case, therefore, the value of the property was a material inquiry on the trial. If it was worth more than $60, it was subject to sale on the execution, and the plaintiff had no cause of action against the constable. It clearly appeared in evidence, that the cash value of the mare exceeded that sum. The plaintiff twice refused to sell her for $75. He declined to receive $60 in money from the constable, and allow her to be sold on the execution. Two freeholders, summoned by the constable, appraised her at $100. She brought at the sale $101, and the plaintiff insisted that she *did* not sell for more than her real value. Two witnesses testified that she was worth $75, and another considered her

worth between $65 and $75. The only testimony which seemed to be in conflict with this mass of evidence, was that of two witnesses who said they would not be willing to give more than $60 in cash for the mare. But there was no real conflict in the testimony. Those witnesses did not express any opinion as to the value of the animal, but merely stated that they would not give more than a certain amount for her. What one person may be willing to pay for an article is not a safe criterion of its value. He may not want the property, and therefore will not give as much for it as one who wishes to obtain it. The evidence showed that those who wanted such property were willing to pay a much larger sum for the mare. The sale at auction afforded a fair test of the cash value of the mare. An article is generally worth what it will bring in the market. A public sale ordinarily furnishes satisfactory proof of the value of the thing sold. It is, however, not conclusive of the question, but other evidence may be resorted to. It was manifest from the whole case that the mare was not exempt from sale on the execution; and the finding should have been in favor of the constable. The court consequently erred in not granting a new trial.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*